Moore, J.
The' petition alleges, in substance, that the plaintiff is the owner and in the occupancy of certain real estate fully described. It also avers that this real estate lies one hundred rods north of a thoroughfare or country road, immediately north of the Maumee river, known as the river road; and that the only means of ingress or egress to said premises, from and to said river road, is by means of a road or lane, which road or lane *550 is fully described in the petition; and that it is of the width of twenty feet, ten feet upon each side of the half section line,, and running northerly along the half section line, from the river road to the premises of the plaintiff. The plaintiff then avers that said road or lane is a necessary means of ingress or egress to said premises to and from said river road, and that the same has been such ingress or egress as aforesaid, uninterrupted and undisputed, from time immemorial, that is to say, for a period of twenty-one years; and during the whole of said time said road or lane has been appurtenant and appendent to the premises first herein described, for the purposes aforesaid,, and that the same has been constantly and continuously used during said period of time for the passage of vehicles, horses- and cattle and the occupant of said premises first herein described, as a passage way and road to and from the premises first herein mentioned, from and to said river road, and the same is now and has been used by said plaintiff for the uses- and purposes aforesaid for a long period of time. He then avers that this road has been fenced on either side so as to be-a passage way to and from said river road to the premises; that the whole of the width of twenty feet is necessary for the-uses and purposes for which it has been employed. That the defendant has given out by word and threats and is about to-change his fences along the east side of this lane, and place them upon the center of the road or lane, and thereby destroy and interfere with the rights of the plaintiff in the easement which he alleges he has in the lane or road; and by reason thereof he will suffer great and irreparable injury. The petitioner further avers that the defendant has for a long time had full and complete knowledge of the plaintiff’s rights-herein to the uses of said road or lane, and prays that he may be enjoined from the threatened interference.
The question presented by the demurrer, is whether the facts stated in the petition constitute a cause of action against the defendant. There is no question but what an easement can be acquired by one person upon the lands of another, as a roadway or passage way over it, by long continued use, and in this state such use must continue for the period of twenty-one years. This however must be adverse, and under claim of *551 right, exclusive, continuous and uninterrupted, and with the knowledge of the owner of the estate. In this state, such use of the premises must have existed and continued for a period of twenty-one years. This is well settled in Washburne on Easements, 86. In discussing this subject the author says:'
“In the next place, the use and enjoyment of what is claimed must have been adverse, under claim of right, exclusive, continuous, uninterrupted,'and with the knowledge and acquiescence of the owner of the estate, in, over or out of which the easement prescribed for is claimed, and while such owner was able, in law, to assert and enforce his rights, and to resist such adverse claim if not well founded. And it must, moreover, be of something which one party could have granted to the other. Out of the numerous cases that might be cited to sustain the above proposition, in part or as a whole, a few have been selected as a matter of convenient reference.”
And a large number of cases are cited.
“ In analyzing the essential requisites to the gaining of a right by prescription, by “adverse” is meant that it was not a matter of permission asked by the one party and granted by the other; for an adverse right of easement cannot grow out of a mere permissive enjoyment.” That would constitute license.
He says further: “There must bean adverse possession or assertion of right, so as to expose the party to an action unless he had a grant; for it is the fact of his being thus exposed to an action, and the neglect of the opposite party to bring suit,. that is seized upon as the ground for presuming a grant in favor of long possession and enjoyment, and the idea that this adverse state of things would not have been submitted to if there had not been a grant.”
It is not averred in the petition that this right was adverse, nor is it alleged that it has been enjoyed with the knowledge and acquiescence of the owner for a period of twenty-one years. In this particular the petition is defective, and for that reason the demurrer should be sustained.
In the second place, the question is presented as to whether the threatened wrong and injury would warrant a remedy by way of injunction. There is no allegation but that the plaint *552 iff has no other means of ingress and egress to his premises equally as convenient as this road. It is only alleged that this is a mode of ingress and egress to this particular road, the river road. The building of fences upon the line would be a trespass and interference with plaintiff’s rights, which he could remove, or by an action at law recover compensation and damages for the injuries sustained. It is not enough to say that the plaintiff would suffer great and irreparable injury, because that is a mere conclusion. The facts must be stated to entitle him to his action. The threatened building of a fence, if it is not alleged that it will deprive him of his only mode of ingress and egress, is not sufficient. The principle is well laid down in High on Injunctions, and it appears to me to be as strong as the plaintiff could ask it. The author says:
“Equity will protect the enjoyment of a right-of-way over a street or road by restraining the erection of obstructions thereon, the interference being based upon the irreparable injury to the person aggrieved. But the facts showing such irreparable injury must be stated in the bill, and mere general allegations will not suffice. When, however, complainant alleges a prescriptive right of way over defendant’s land to a public road and a market, and that he has no other means of outlet except a circuitous and inconvenient route, he makes out a case of irreparable mischief to entitle himself to an injunction. A clear and undoubted right should be-shown to warrant the exercise of jurisdiction; and if the right be doubtful, a decree will be withheld until it is established at law. "Even though the right-of-way may be admitted, and its obstruction be also admitted, the court will not, therefore, interfere to restrain such obstruction, but may in its discretion refuse the relief. By analogy to the rule that equity will not interfere to restrain a trespass pending a trial at law to determine the right, where no irreparable injury is shown, in the absence of such injury, it will not enjoin an obstruction of a right-of-way pending an action at law to determine the right.” High on Injunction, 886.
If everthing that is alleged in this petition were fully established by the proofs, the court, under the rules, would refuse to grant relief. There is no permanent injury threat *553 ened; no destruction of an easement threatened; nothing but a mere trespass, such as under the allegations of the petition would not prevent ingress and egress to and from the premises by some other route. Nothing but such an obstruction as could be easily removed or damages for the obstruction recovered in an action at law. If there was a continued repetition of the threatened trespass and in order to avoid a multiplicity of suits, the court would interfere. Such case however is not before us.
Peaslee & Enos, for plaintiff.
Harris & Cameron, for defendant.
With this view of the case, the demurrer to the petition will be sustained, the petition dismissed at the cost of the plaintiff, and the case remanded for execution.
All concur.